UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17 CR 597 ERW (JMB) |
| | ) |
| HAIRL JOHNSON, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Currently pending before the Court is a <u>pro se</u> pleading from Defendant Damon Johnson. [ECF No. 47] The Court has liberally construed pleading as a <u>pro se</u> request to file motions for (1) a bill of particulars, (2) to suppress evidence, (3) to dismiss the Indictment, (4) for discovery in the form of a deposition, and (5) for a motion in limine. Pretrial motions have been referred to the undersigned.

Johnson is one of three co-defendants charged by indictment with serious felonies. Count I charges Johnson with conspiracy to distribute heroin, marijuana, and cocaine. Count II charges Johnson with conspiracy to possess a firearm in furtherance of a drug trafficking crime, with death resulting. Count II caries a possible death penalty if Johnson is convicted. [ECF 1-1]

Johnson had his initial appearance on December 27, 2017, and requested the appointment of counsel. The Court appointed Kristy Ridings to represent him.

[ECF No. 22] Because Johnson is currently charged with a capital offense, the Court appointed Daniel Schattnik as learned counsel to assist in the representation of Johnson. [ECF No. 47] Defendant was arraigned on January 4, 2018. At that time, the undersigned issued a general pretrial scheduling order which set deadlines for filing pretrial motions. [ECF No. 35] Also on January 4, 2018, given the nature of the case, the government filed a motion for a complex case finding. [ECF No. 31] On January 9, 2018, after each of the three co-defendants in this matter had been arraigned and provided with counsel and the opportunity to respond to the government's complex case motion, the undersigned granted the government's motion issued a revised scheduling order. [ECF No. 46] The revised scheduling order superseded the scheduling order issued at the time of Johnson's arraignment and eliminated the prior motion deadlines.

Defendant's pro se pleading suggests that his attorneys have not filed timely motions on his behalf. His pleading relies on the initial schedule set at his arraignment, but it also acknowledges that his attorney have conveyed to him the fact that the Court had found this case to be complex.

The undersigned fully appreciates Johnson's efforts at diligence, and writes this Order to ensure Johnson that the Court does not believe that he or his attorneys are "trashing" my scheduling order or failing to act with due diligence. The undersigned has met with counsel for the co-defendants in an effort to set a

reasonable pretrial schedule for the consideration of motions.  The Court held an attorneys only status conference on January 24, 2018.   Thereafter, the Court issued an updated scheduling order, but based on the parties' representations, declined to set a definitive schedule for filing pretrial motions.  [ECF No. 53]   The Court set the next attorneys only status conference for March 28, 2018.   On March 26, 2018, the defendants filed a joint motion to continue the status conference, which the Court granted.   [ECF No. 54, 55]   A status conference is now set for April 30, 2018.   It is important to note that the United States has not yet determined whether it will seek the death penalty for any of the three co-defendants.   That determination will, no doubt, greatly impact the course and complexity of any pretrial motions in this matter.

In view of the foregoing, and because Johnson is represented by two very experienced, court-appointed defense attorneys, the undersigned will deny Johnson's pro se motion.  See United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994) (citations omitted); United States v. Maxwell et al., 778 F.3d 719, 738 (8th Cir. 2015).  See also United States v. Pate, 754 F.3d 550, 553 (8th Cir. 2014) (explaining that "'[a] district court has no obligation to entertain pro se motions filed by a represented party'") (quoting Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se motion [ECF No. 57] is **DENIED**.

**IT IS FURTHER ORDERED** that defense counsel shall provide a copy of this Order to Defendant.

                                        /s/ ***John M. Bodenhausen***
                                        JOHN M. BODENHAUSEN
                                        United States Magistrate Judge

Dated this 24th day of April, 2018.