# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17CR00597-2 ERW/JMB |
| HAIRL T. JOHNSON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge John Bodenhausen [ECF No. 137], pursuant to 28 U.S.C. § 636(b)(1), recommending the denial of Defendant Hairl Johnson's Motion to Suppress Evidence [ECF No. 90]. Defendant filed timely objections to the Report and Recommendation [ECF No. 143] and the U.S. Attorney filed his response to Defendant's objections [ECF No. 147]. Specifically, Defendant objects to the magistrate judge's findings that (1) the November 13, 2014 Complaint for Search Warrant established probable cause to issue a search warrant; (2) the November 13, 2014 Search Warrant satisfied all the requirements for a search warrant; and (3) Detective Andrew Ward acted in good faith reliance in obtaining and executing the Search Warrant.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo review determination of those portions of the record or specified proposed findings to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). This Court has conducted a *de novo* review of the motions, and the testimony, evidence, and arguments from the evidentiary hearing. Based on this review, the Court concludes the magistrate judge made proper

findings and correctly analyzed the issues. The facts of the case, relevant to the motion to suppress, are as follows.

On November 10, 2014, at about 3:00 p.m., the body of Antonio Jones was recovered from the trunk of a Buick LeSabre that was burning in East St. Louis, Illinois. The Major Case Squad, including Detective Andrew Ward, was activated to investigate Jones' death. From interviewing Antonio Jones' friends and family, the Major Case Squad detectives learned Jones' cell phone number was 314-482-7120 and requested telephone records for that number, including cell-site location information. Detectives received records responsive to their request and identified several telephone calls of interest associated with Jones' phone activity for November 10, 2014. One such call was between Jones' phone and telephone number 314-740-5338. This call took place at about 9:00 a.m. on November 10th, and lasted approximately 130 seconds.

Cell-site location information relative to Antonio Jones' cell phone further indicated the last known use of the phone was in Ferguson, MO, on November 10, 2014. The investigators learned the cell-site associated with that last known use was a cell tower in the area of 308 Georgia, in Ferguson, MO, where Defendant Hairl Johnson lived with a girlfriend. Also of interest were two calls made during the morning of November 10, 2014, between victim's phone and the cell phone of his friend and co-worker, Anthony Stringer. Mr. Stringer told investigators the first call was from victim Jones and the second call was from someone using Jones' phone named "Butchy," who was later determined to be Randall Patton (a co-defendant in this matter). According to Mr. Stringer, when he spoke with Jones on November 10th, Jones told Stringer he was following Patton on Page Avenue. Mr. Stringer stated Patton later called him on Jones' phone and told him he and Jones were at "the Big B store," also known as the Price Chopper.

Det. Ward and his partner interviewed the owner of Price Chopper and obtained and reviewed surveillance video from the morning of November 10, 2014. The surveillance video showed Patton drive onto Price Chopper's parking lot in a Ford Expedition, accompanied by Defendant Johnson. Antonio Jones' Buick pulled alongside of the Expedition. There was some interaction between the occupants of the two vehicles, after which Antonio Jones parked the Buick and went inside the store while the Expedition drove off the parking lot. The video showed that Jones quickly came back out of the store and drove off the parking lot in the same direction as the Expedition.

Investigators interviewed Randall Patton about the events of November 10, 2014. Patton initially told investigators he did not know Defendant and had been at work that day. When confronted with images from the Price Chopper surveillance, Patton admitted he had been with Johnson and Antonio Jones on November 10, 2014. Patton further stated the Expedition belonged to Defendant Johnson and Patton had been at Johnson's house at 308 Georgia. According to Patton, after leaving the Price Chopper parking lot, Johnson, Jones, and Patton went to smoke cannabis together.

Investigators learned the Expedition was registered to a person named Synovia Clemons, who was in a dating relationship with Defendant Johnson and lived with him at 308 Georgia. Ms. Clemons reportedly confirmed Johnson and Patton used the Expedition the morning of November 10, 2014. Ms. Clemons stated Johnson's telephone number was 314-740-5338.

Det. Ward presented a Complaint for Search Warrant [hereinafter, the "Affidavit"] to obtain records related to telephone number 314-740-5338.[1] Det. Ward testified that he and an

---

[1] The Major Case Squad previously applied for a warrant for telephone information relative to telephone number 314-740-5338 on November 11, 2014. It is uncontested investigators did not receive any useful information in response to the November 11th warrant.

Assistant State Attorney prepared the Affidavit and Search Warrant together before presenting the documents to Judge Julia Gomric. The Affidavit requested records related to telephone number 314-740-5338 and sought sixteen (16) categories of information. In particular, Det. Ward requested information relative to the subscriber of telephone number 314-740-5338, the cell towers used by that telephone number, including cell site location information (CSLI) records, and incoming and outgoing telephone records for that number.[2]

In support of the Affidavit, Det. Ward set forth the following facts and circumstances:

> On November 10, 2014, at about 3:00 p.m., an actively burning 1990 Buick LeSabre was located in . . . East St. Louis . . . Illinois. After the fire was extinguished, law enforcement realized the deceased body of a man was located in the trunk . . . . The registered owners of the LeSabre are Antonio L. Jones and Sandra Mitchill [sic]. Sandra Mitchell has been located. Though not yet conclusive, a preliminary identification of the body is that of Antonio L. Jones. Antonio L. Jones' cell phone number is 314- 482-7120.
> An "exigent circumstances" request to Sprint Corporation for the cell phone records of Antonio L. Jones reveals the above cell number (314-482-7120) to have been the source of a conversation with the possessor of the phone with the phone number 314-740-5338 of 136 seconds in length on 11/10/14 at approximately 9:17 a.m.

(ECF No. 121-1 at 2).

The Affidavit further stated "the known user of [phone number] (314) 740-5338, was seen on video surveillance at approximately 9:00 a.m. on 11/10/14, at which time the known user of this phone was speaking to [Antonio Jones] on the surveillance footage." *Id.* Det. Ward claimed the telephone records requested by the Affidavit were "necessary to the investigation to determine the nature and the source of the telephone call made with Antonio L. Jones' known phone." *Id.* Det. Ward further stated that subscriber information relative to 314-740-5338 was needed to determine the subscriber's identity, and that the requested information "could assist

---

[2] Det. Ward also requested records regarding the content of stored communications associated with telephone number 314-740-5338, including voicemail, text messages, photographs, and browser traffic. Det. Ward testified that the investigation team did not receive the records of content data from Verizon Wireless.

4

this investigation and provide evidence of the murder." *Id.* at 1-2. Judge Gomric signed a Search Warrant in which she stated:

> Upon examination of the complaint, I find that it states sufficient facts to show probable cause and I therefore command that the premises of Verizon Wireless be searched and the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense(s) of First Degree Murder, be seized from: incoming and outgoing telephone records and ESN records of wireless telephone numbers 314-740-5338 as well as subscriber information on same, as well as the following [16 categories of records].

(ECF No. 121-2 at 1). The sixteen (16) categories of information listed on the Search Warrant mirrored those on the Affidavit.

In his first objection to the Report and Recommendation, Defendant asserts the magistrate judge incorrectly concluded the Affidavit established probable cause to issue a warrant authorizing the disclosure of the requested records and information related to phone number 314-740-5338. "A supporting affidavit establishes probable cause to issue a search warrant if it 'sets forth sufficient facts to establish there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched.'" *United States v. Brackett*, 846 F.3d 987, 922 (8th Cir. 2017) (quoting *United States v. Snyder*, 511 F.3d 813, 817 (8th Cir. 2008)). "'The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit.'" *United States v. Seidel*, 677 F.3d 334, 338 (8th Cir. 2012) (quoting *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1982)). Probable cause may be based on the totality of the circumstances present and, as a result, affidavits should not be read in a grudging, hyper-technical fashion. *See United States v. Ventresca*, 380 U.S. 102, 109 (1965). Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant. *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008). "[T]he duty of a

5

reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (quoting *Jones v. United States,* 362 U.S. 257, 271 (1960).

Here, the affidavit explained Antonio Jones was murdered on November 10, 2014, and his body was found in a burning car in East St. Louis. The affidavit stated Jones' known cell phone number was 314-482-7120 and records from Sprint showed Jones' phone was in communication with phone number 314-740-5338, for 136 seconds at about 9:17 a.m. on the morning of the murder. Further, the Affidavit a surveillance video from November 10, 2014, showed the "known user" of 314-740-5338 speaking with Antonio Jones at about 9:00 a.m. Although the Affidavit did not explicitly detail that 314-740-5338 was Hairl Johnson's number, it clearly averred there was a "known user" of 314-740-5338, and connected this "known user" to the victim on the date of the murder.[3]

Therefore, the Court finds the Affidavit sets forth sufficient facts to establish there is a reasonable and fair probability evidence of Jones' murder would be found in records associated with Verizon Wireless phone number 314-740-5338. It would be reasonable to conclude location evidence (CSLI records) relative to 314-740-5338 would assist in determining whether the user of 314-740-5338 was involved in the murder of Antonio Jones. As noted in the Report

---

[3] In attacking the sufficiency of the Affidavit, Defendant argues law enforcement withheld their knowledge that Defendant's phone number was 314-740-5338 from Judge Gomric when the Search Warrant was requested. Defendant contends the claim in the Affidavit that records were needed to determine the subscriber's identity was misleading as Det. Ward already knew the number at issue was Defendant's. However, the Court disagrees that this omission was misleading as the warrant clearly indicated and explicitly disclosed to Judge Gomric that there was a "known user" of 314-740-5338. Moreover, the request for subscriber information is reasonable as a user of a phone is not necessarily the subscriber of the phone. Det. Ward testified regarding the distinction between a phone user and a phone subscriber. He explained that, although he knew Defendant Johnson was a user of 314-740-5338, he did not know if Defendant was the only user or the subscriber for that account.

and Recommendation, CSLI records could disclose whether the user of 314- 740-5338 was in or around the area where Jones' body was discovered or the location where Jones was murdered, if other than in East St. Louis where his body was recovered. The totality of circumstances set forth in the affidavit provides a substantial basis for concluding probable cause existed.

In his second objection, Defendant argues the November 13, 2014 Search Warrant failed to satisfy all the requirements of a search warrant. The warrant provision of the Fourth Amendment requires (1) that the warrant be issued by a neutral, disinterested magistrate; (2) that those seeking the warrant demonstrate to the magistrate probable cause to believe that the evidence sought will aid in a particular apprehension for a particular offense; and (3) that the warrant particularly describe the things to be seized, as well as the place to be searched. *Dalia v. United States*, 441 U.S. 238, 255 (1979).

Here, the Search Warrant was signed by a neutral and detached judge. The Warrant also satisfied the particularity requirement. It described the place to be searched—the Verizon Wireless records concerning telephone number 314-740-5338—and listed 16 categories of information relating to number 314-740-5338 to be seized. With regard to the second requirement that those seeking the warrant demonstrate probable cause, Defendant argues the scope of the warrant issued, requesting 16 categories of records, exceeded the scope of the proffered probable cause. Defendant argues Det. Ward narrowed the scope of his request when he stated in the Affidavit that the telephone records were necessary to determine the "nature and the source of the telephone call" made with victim's phone, and to determine the "subscriber's identity." (ECF No. 121-1 at 2). According to Defendant, this language restricts the need for records to a single telephone call and the subscriber's identity. However, the Court rejects such a hypertechnical reading of the affidavit. *See United States v. Solomon*, 432 F.3d 824, 827 (8th

7

Cir. 2005) (citations and quotations omitted) ("affidavit should be examined under a common sense approach and not in a hypertechnical fashion"). As discussed above in detail, the affidavit sets forth sufficient facts to establish a reasonable and fair probability evidence of Jones' murder would be found in the categories of requested records associated with Verizon Wireless phone number 314-740-5338. Thus, the Court finds the scope of the Search Warrant did not improperly exceed the probable cause established in the Affidavit. Moreover, the Court finds the Search Warrant satisfied the requirements set forth under the Fourth Amendment.

Finally, in Defendant's third objection, he challenges the magistrate judge's finding, even if the Search Warrant was somehow found to be defective, no evidence should be excluded because Det. Ward and the investigative team acted in good-faith reliance in obtaining and executing the warrant. In *United States v. Leon*, the Supreme Court held the exclusionary rule should not be applied so as to bar the admission of "evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate," even if that search warrant is later held to be invalid. 468 U.S. at 900, 922–23, 104 S.Ct. 3405. In the absence of an allegation that the issuing judge abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. *Id.* at 926.

Here, Defendant's assertions fall far short of asserting either Judge Gomric abandoned her detached and neutral role or an officer was dishonest or reckless in preparing the Affidavit. As discussed in a footnote above, although Defendant was not specifically identified in the Affidavit as a user of 314-740-5338, Det. Ward clearly indicated in the Affidavit there was a "known user" of the number at issue. The omission of Defendant's name does not constitute a

8

dishonest or reckless disregard for the truth.

Defendant's contentions also fall short of establishing the warrant was so lacking in probable cause as to render any belief in it unreasonable. "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir.2008) (internal quotation marks and citation omitted). In determining the presence of good-faith reliance on a judge-issued search warrant, the court must consider the totality of circumstances, including information not presented to the judge issuing the search warrant but known to the police officers. *Id.*

Here, in addition to the facts set forth in the affidavit, at the time Det. Ward presented the Affidavit to Judge Gomric, he was aware of the following facts: Shortly after victim Jones had a brief conversation with Defendant Johnson and/or co-defendant Patton in Price Chopper's parking lot, the surveillance video showed Jones' LeSabre travel in the same direction as the Expedition out of the lot. When interviewed, Patton originally denied knowing Defendant, but ultimately identified him and stated he and Defendant had traveled to smoke cannabis with Jones after they left the Price Chopper Parking lot. Additionally, Det. Ward and the investigative team knew CSLI data from Jones' phone placed him in the area of the Defendant's residence at 308 Georgia, and a short time later, Jones' phone did not transmit any more CSLI. The knowledge of these additional facts not presented in the search warrant further substantiates that Det. Ward and the investigative team relied in good faith on the warrant issued.

Moreover, when determining whether an officer's actions were objectively reasonable, a relevant circumstance to consider is whether the officer consulted with an attorney prior to seeking the warrant. *United States v. Johnson*, 78 F.3d 1258, 1264 (8th Cir. 1996). Here, Det.

9

Ward testified he and an Assistant State Attorney prepared the Affidavit and Search Warrant together before presenting the documents to Judge Gomric. The Affidavit was signed by the Assistant State Attorney. Thus, even if the Search Warrant had not been supported by probable cause, no evidence should be excluded because Det. Ward and the investigative team acted in good-faith reliance in obtaining and executing the warrant.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 137] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress [ECF No. 90] is **DENIED**.

So Ordered this 16th Day of April, 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE